**EXHIBIT A**



**United States Department of the Interior**
NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240

IN REPLY REFER TO:
L30 (2465)

\*\*\* ELECTRONIC COPY ONLY – NO HARD COPY TO FOLLOW \*\*\*

October 24, 2007

Memorandum

To:　　　　Regional Directors
　　　　　　Attention: Superintendents

From:　　　Director　/s/　Mary A. Bomar

Subject:　　Political Activities Involving NPS Land or NPS Employees

This memorandum, developed with the help of the Solicitor's Office, serves as a timely reminder for Regional Directors and Superintendents of the legal and policy guidance governing political activities in the National Park System and political activities by National Park Service (NPS) employees.

I.　　Demonstrations

NPS Management Policies ¶ 8.6.3 (2006) provides that NPS will authorize the use of parkland for public assemblies, meetings, demonstrations, religious activities, and other public expressions of views protected under the First Amendment of the U.S. Constitution, in accordance with 36 CFR § 2.51 or 36 CFR § 7.96. The terms "public expressions of views" under 36 CFR § 2.51 and "demonstrations" under 36 CFR § 7.97(g) have traditionally been used interchangeably to include "demonstrations, picketing, speechmaking, marching, holding vigils or religious services and all other like forms of conduct which involve the communication or expression of views or grievances, engaged in by one or more persons, the conduct of which has the effect, intent or propensity to draw a crowd or onlookers. This term does not include casual park use by visitors or tourists which does not have an intent or propensity to attract a crowd or onlookers." 36 CFR § 7.97(g)(1). Since such demonstrations involve personal expressive activity, and parks are not mere billboard venues, unattended signage is not allowed.

Two different sets of NPS regulations govern demonstrations on parkland. One is applicable in National Capital Region parks under 36 CFR § 7.96(g) and the other applies to all other parks under 36 CFR § 2.51. These regulations are quite detailed and must be closely followed. Within most park units of the National Capital Region, the NPS issues or denies permits based on 36 CFR § 7.96(g)(5)(iii). In all other park areas, the regulation at 36 CFR § 2.51 provides procedures specifying when park areas may be designated as not available or available, and when a permit may be granted or denied. See 36 CFR § 2.51(c). NPS Management Policies

¶ 8.6.3 (2006) also provides that a permit request under 36 CFR § 2.51 will be issued or denied within two business days after receipt of a proper application.

II.  Political Activities by Federal Employees

Political activities of Federal employees are governed by the Hatch Act, which establishes general provisions applicable for all Federal employees as well as specific rules which are dependent on certain employment classes. Attached is a summary of the Hatch Act as well as information on permissible political activity in the National Park System, issued by the Department's Ethics Office and the Solicitor's Office, September 8, 2004. Also attached is NPS HR Advisory 06-022 dated May 22, 2006, on the display of political signage in and from park housing.

If you have any questions, please contact Lee Dickinson, Special Park Uses Program Manager at 202/513-7092. Legal questions may be directed to Assistant Solicitor Molly N. Ross or Senior Attorney Randolph J. Myers, Office of the Solicitor, Branch of National Parks, at 202/208-4338.

Attachments