UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL BOARDLEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

Defendants.

Civil Action No. 07-1986 (JR)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUGGESTION OF MOOTNESS**

While Mr. Boardley appreciates that Defendants have finally acted on his request for a free speech permit for August 7th and 8th, 2008, this does not render moot Plaintiff's Application for Preliminary Injunction ("Application"). (See Signed Permit, attached at Ex.1; Letter of Protest, attached at Ex. 2.) Plaintiff brought facial First Amendment challenges to 36 C.F.R. §§ 2.51–2.52, which satisfies the irreparable harm standard of *Broadrick v. Oklahoma*, 413 U.S. 601 (1973). The challenged regulations are facially unconstitutional prior restraints that necessitate a preliminary injunction, since the regulations still require even a single person to obtain a permit in order to publicly express any views.

Because Defendants have not repealed the challenged regulations, they have not ceased their unconstitutional conduct. Thus, Mr. Boardley's request for preliminary injunction as to his as-applied challenge is also not moot. Regulations that may restrict time-sensitive speech are irremediable without a preliminary injunction. Mr. Boardley still has to apply for a permit should the need arise for him to speak at Mt. Rushmore. And, Mr. Boardley continues to suffer irreparable harm because constitutional violations are likely to continue to occur in the future,

Defendants show a history of unconstitutional application of the challenged regulations, and their recent action is merely litigation-motivated.

**I. Plaintiff's Application Is Not Moot Because He Facially Challenges §§ 2.51–2.52.**

In First Amendment cases, irreparable harm or injury needed for injunctive relief is essentially presumed. *See, e.g., Huminski v. Rutland City Police Dept.*, 221 F.3d 357, 360 (2d Cir. 2000). This presumption is strong. *Freelance Entertainment, L.L.C. v. Sanders*, 280 F. Supp. 2d 533, 547 (N.D. Miss. 2003). Where a First Amendment right has been violated, the irreparable harm requirement for the issuance of a preliminary injunction has been satisfied. *Green Party of New York State v. New York State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004). "Violation of a constitutional right in, and of itself, constitutes irreparable injury." *Napa Valley Publishing Co. v. City of Calistoga*, 225 F. Supp.2d 1176, 1182 (N.D. Cal. 2002). Conversely, the burden of demonstrating mootness—given its preclusive effect—is a heavy one. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation omitted). This heavy burden "lies with the party asserting mootness." *Adarand v. Slater*, 528 U.S. 216, 222 (2000).

Defendants argue that Plaintiff's Application has become moot because they recently approved Plaintiff's request for a permit for August 7th and 8th, 2008. Plaintiff has standing to pursue a preliminary injunction, however, because he has challenged §§ 2.51–2.52 as facially invalid prior restraints, as well as Defendants' unwillingness to grant him a permit. *See Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). Plaintiff continues to suffer irreparable harm, and Defendants cannot meet the "heavy burden" required for mooting Plaintiff's Application.

***a. Defendants Erroneously State That Plaintiff Only Challenges §§ 2.51–2.52 As-Applied.***

Only after the instant lawsuit was filed, Defendants approved Plaintiff's request for a free speech permit by treating his November 30th declaration as an application. *See* Defendant's Motion for Leave to File Declaration and Suggestion of Mootness, at 1-2 ("Def. Suggestion of Mootness"). They now suggest that the denial of Plaintiff's permit was his only allegation of a constitutional violation, see *id*. at 2, and consequently conclude his application for preliminary injunction has become moot, see *id*.

But this representation is incomplete. In his Application, Plaintiff clearly alleges injury from the facially unconstitutional regulations themselves, as well as from Defendants' unwillingness to grant him a permit. Plaintiff alleges that "Defendants maintain facially unconstitutional regulations which currently restrict Mr. Boardley's First Amendment freedoms." Application at 21. "As long these regulations remain in effect, *and* as long as Defendants continue to merely ignore Mr. Boardley's requests for a permit, Mr. Boardley continuously suffers irreparable injury, and therefore requires a preliminary injunction to protect his rights." Application at 1 (emphasis added). Thus, in addition to his as-applied challenge, Plaintiff makes a facial challenge in his Application.

Facial challenges under the First Amendment satisfy the irreparable harm standard for preliminary injunction. *See Broadrick*, 413 U.S. at 612. It is well-settled that "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Irreparable injury is found through facial First Amendment challenges "because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression. *See Broadrick*, 413 U.S. at 612. At minimum, therefore, even if

Plaintiff's rights were no longer being violated, he may still pursue a preliminary injunction because no actual personal injury is required under *Broadrick* for facial First Amendment challenges. *See id*.

An analogous case rejecting a defendant's suggestion of mootness upon an application for preliminary injunction is *World Wide Street Preachers' Fellowship ("WWSPF") v. City of Grand Rapids*, 2007 WL 1462130 (W.D. Mich., May 16, 2007). In *WWSPF*, an organization and its leader challenged a permit requirement for overbreadth and lack of narrow tailoring because the permit requirement applied to even small numbers of people. *See id*. at *1-8. The plaintiffs sought a preliminary injunction, and the court found that the plaintiffs could pursue a preliminary injunction in part "because the parties have properly raised facial challenges to the ordinance." *Id*. at *2 n.2. The court explained that *Broadrick* permitted this where a facial challenge of overbreadth was made. *See id*. at *8. Thus, the court considered the issues of overbreadth and narrow tailoring and granted the preliminary injunction because "permit schemes . . . that potentially apply to small groups are nearly always overly broad and lack narrow tailoring." *Id*. at 5 (quoting *American-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 608 (6th Cir. 2005)).

As in *WWSPF*, Plaintiff challenges the permit schemes of §§ 2.51–2.52 as facially overbroad prior restraints because they apply to even small groups of people. *See, e.g.*, Application, at 16. As long as Defendants retain these regulations, which require a person to obtain permit for any "public expression of views," the Plaintiff is suffering irreparable harm, both by virtue of Defendants keeping a facially unconstitutional policy on the books, and because the unconstitutional policy has been applied to him in the past and will be applied to him in the future when he engages in expressive activity at Mt. Rushmore.

***b. Defendants Have Not Repealed §§ 2.51–2.52.***

A plaintiff's application for preliminary injunction based on a facial challenge could potentially become moot if a government defendant ceases its unconstitutional conduct by repealing the challenged legal policy. *See, e.g.*, *Adair v. England*, 217 F.Supp.2d 1, 5-6 (D.D.C. 2002). But that has not happened here.

In *Adair*, 217 F. Supp.2d at 2, for example, plaintiff Navy chaplains sought a preliminary injunction against the U.S. Government after alleging unconstitutional favoritism in the Navy's policy of providing to the promotion board the religious affiliations of chaplains who were being considered for promotion. The Navy, however, then ceased its practice of providing chaplains' religious affiliations to the promotion board and gave no indication that they planned to resume the practice. *See id*. at 6. Thus, the court found that the plaintiff chaplains lacked the requisite irreparable harm for an application of preliminary injunction. *Id*.

In the instant case, however, Defendants have not repealed §§ 2.51–2.52. They have not ceased their unconstitutional practice. They continue to defend the validity of the challenged regulations and apply them just as before. Defendants' suggestion, consequently, is not persuasive. The challenged regulations continue to restrict the rights of Mr. Boardley and the public. Plaintiff, therefore, has standing to pursue a preliminary injunction based on his facial challenge.

**II. Plaintiff's Application Is Also Not Moot As to His As-Applied Challenge.**

Plaintiff's request for a preliminary injunction regarding his as-applied challenge is also not moot. To seek a preliminary injunction for an as-applied challenge, Plaintiff must show "irreparable harm and inadequacy of legal remedies." *See, e.g.*, *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Irreparable injury, however, "need not be established with

certainty or even high probability; the distant possibility of such harm establishes a 'serious threat of irreparable injury' sufficient to support preliminary injunctive relief." *Napa Valley Publishing Co. v. City of Calistoga*, 225 F. Supp.2d 1176, 1182 (N.D. Cal. 2002) (quoting *Sammartano v. First Judicial Dist. Court of Carson City*, 303 F.3d 959, 973 (9th Cir. 2002). The "potential for irreparable injury" is sufficient. *Id*. Plaintiff shows the requisite injury because (a) restrictions on time-sensitive speech are irremediable, and (b) irreparable harm remains where the challenged conduct is likely to continue to occur in the future.

***a. Restrictions on Time-Sensitive Speech Inflict an Immediate Loss and Are Irremediable.***

While Plaintiff has no specific plan to speak at Mt. Rushmore before August, he may need or desire to do so at some time, see Plaintiff's Verified Complaint at ¶ 41, and Defendants' unlawful permit scheme prevents him from being able to do so without obtaining a permit. The permit scheme's restrictions therefore show more than the requisite "distant possibility" of inhibiting speech to warrant preliminary injunction. *Napa Valley Publishing Co*, 225 F. Supp.2d at 1182.

In *Napa Valley Publishing Co.*, 225 F. Supp.2d at 1189, 1198, the court held that restrictions on speech demonstrated irreparable harm and an inadequacy of future legal remedies, mandating a preliminary injunction. Therein, a publishing company challenged a city ordinance which limited that maximum number of newsracks per city block. Publishing companies consequently were entered into a lottery to determine which companies could use specific newracks. *See id*. at 1179. The court found that a preliminary injunction was necessary because speech rights were implicated. "Restrictions which impede speech inflict an immediate loss in the opportunity to speak. . . . The lost opportunity to disseminate time sensitive speech cannot be remedied after trial." *Id*. at 1181-82. Protecting the right to speak on an issue in a timely fashion

"cannot later be repaired" and "is precisely the kind of irreparable injury that warrants preliminary injunctive relief." *Id* at 1182. Indeed, even if only "the *potential for* irreparable injury" or "the *possibility of* irreparable harm is present," this is sufficient. *Id*. at 1189 (emphasis added) (citations omitted).

Defendants' regulations, §§ 2.51–2.52, also restrict speech, including speech that is time-sensitive. There is a two-day waiting period on permits, see Application at 2, and, as in Plaintiff's case, sometimes requests are not granted at all. Thus, more than the "potential for" or the "possibility of" irreparable harm is present here. Neither Plaintiff nor any single member of the public is able to speak at Mt. Rushmore without obtaining a permit. This prevents people like Plaintiff from utilizing this public forum for speech in a timely fashion, and it chills the speech of citizens. Plaintiff and others who want to distribute literature about time-sensitive issues must still obtain a permit in order to do so. This limit on time-sensitive speech cannot be fully remedied at trial and warrants a preliminary injunction.

***b. Irreparable Harm Remains Where Constitutional Violations Are Likely to Continue to Occur.***

It has become axiomatic that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). When a defendant voluntarily ceases allegedly unconstitutional conduct, the need for injunctive relief is only mooted "if subsequent events made it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Washington Legal Foundation*, 202 F.3d at 336 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 170 (2000)) (emphasis added). This stringent standard is required because, by mooting such cases, "courts would be compelled to leave the defendant free to

return to his old ways." *United States v. Concentrated Phosphate Exp. Ass'n,* 393 U.S. 199, 203-04 (1968) (quotation marks and citation omitted).

It should first be noted that Plaintiff continues to suffer irreparable harm because Defendants have not ceased their unconstitutional conduct. As stated above, they continue to apply the challenged regulations against Plaintiff and the public. Second, it is far from "absolutely clear" that Defendants will stop stonewalling Plaintiff or others who seek to engage in First Amendment activity at Mt. Rushmore. In fact, it is virtually certain that they will continue to do so. They have not repealed the regulations that allow them to discriminatorily and arbitrarily restrict speech. Defendants continue to defend their actions in applying the challenged regulations. They likewise announce no new procedures or policies by which they intend to change access to the First Amendment areas at Mr. Rushmore. Defendants see nothing wrong with the challenged regulations, and are therefore likely to repeat the same kind of behavior in the future. *See, e.g.*, *Sasnett v. Litscher,* 197 F.3d 290, 291-92 (7th Cir. 1999) (finding even voluntary alteration of a regulation does not moot a case where the state vigorously defends the old regulation); *Pro-Life Cougars v. Univ. of Houston*, 259 F. Supp. 2d 575, 581 (S.D. Tex. 2003) (finding that when defendants argue that the challenge to prior policy is moot, but also vigorously defend the prior policy, the constitutional challenge is not moot).

The Defendants' history of ignoring permit requests proves that they will continue to violate the Constitution. They stonewalled both Mr. Boardley and his associate Mr. Oehrlein in the past, and only granted Mr. Boardley his permit after he commenced litigation against them. Application at 3, 12-13. Their recent action can only be described as litigation-motivated, and their sudden good behavior is not likely to continue if the threat of litigation would cease. *See, e.g.*, *United States v. Gov't of Virgin Islands*, 363 F.3d 276, 284-86 (3d Cir. 2004) (holding

defendants' cessation of challenged conduct upon impending litigation and its continued defense of its actions "prevents the mootness argument from carrying much weight").

Because Defendants continue to enforce overbroad policies against Plaintiff and the public, and because they cannot show that they will not repeat their unconstitutional conduct in denying Plaintiff a permit, Plaintiff continues to suffer irreparable harm and his application for preliminary injunction is not moot.

## CONCLUSION

Because Plaintiff makes facial challenges to §§ 2.51–2.52, because Defendants have not repealed the regulations on speech, and because it is not clear that Defendants will not repeat unconstitutional conduct in the future, Plaintiff's pursuit of a preliminary injunction is not moot. Mr. Boardley respectfully requests that the Court retain jurisdiction in this matter, grant his Application for a Preliminary Injunction, and enjoin Defendants from enforcing 36 C.F.R. §§ 2.51–2.52 during the pendency of this litigation.

Respectfully submitted this 18th day of December, 2007.

By: s/W. Jesse Weins
W. Jesse Weins
ALLIANCE DEFENSE FUND

Heather Gebelin Hacker*
California Bar No. 249273
101 Parkshore Drive, Suite 100
Folsom, California 95630
Tel: (916) 932-2850
Fax: (916) 932-2851
hghacker@telladf.org

Jordan W. Lorence
D.C. Bar No. 385022
801 G. Street NW, Suite 509
Washington, D.C. 20001
Tel: (202) 637-4610
Fax: (202) 347-3622
jlorence@telladf.org

Kevin H. Theriot*
Kansas Bar No. 21565
W. Jesse Weins*
Kansas Bar No. 23127
15192 Rosewood
Leawood, Kansas 66224
Tel: (913) 685-8000
Fax: (913) 685-8001
ktheriot@telladf.org
jweins@telladf.org

Benjamin W. Bull+
Arizona Bar No. 009940
15100 N. 90th Street
Scottsdale, Arizona 85260
Tel: (480) 444-0020
Fax: (480) 444-0028
bbull@telladf.org

Attorneys for Plaintiff

*Admitted *pro hac vice*
+Of counsel, not admitted in this jurisdiction

Form 10-114
Rev. DEC. 00
Page 1 of 2

UNITED STATES DEPARTMENT OF THE INTERIOR
National Park Service

Special Use Permit

Name of Use Distribute Printed Material / Public Assembly Date
Permit Reviewed

Reviewed

Reviewed

Expires August 8, 2008
Long Term ______ Permit # MWR-
1500-2520-08002

Region Park Type No. #
Short Term X

Mount Rushmore National Memorial
Name of Area

Michael Boardley 11532 Quay St. NW , Coon Rapids, MN 55433 (612)-987-8808
Name or Permittee
Address Phone

is hereby authorized during the period from (Time 5:00 a.m. day 07 Month 08, 2008), through (Time 11:30 p.m. day 08 Month 08, 2008 , (exclusive of the hours from 11:30 p.m. on 08/07 to 5:00 a.m. on 08/08 when the Memorial is closed to visitors), to use the following described land or facilities in the above named area:
Along the main walkway from the "pergola" (columned pedestrian entrance structure) to the area adjacent to the rear wall of the concessions building. This is the main pedestrian access from the parking lot at Mount Rushmore National Memorial to the visitor center and prime viewing areas. This area is marked on the attached map as "Area #2 Walkway". A photograph of the area is also attached.

For the purpose(s) of: Distribution of literature ("gospel tracts") and open air preaching.

Authorizing legislation or other authority (RE - DO-53): 36 CFR 2.52; 36 CFR 2.51

NEPA Compliance: CATEGORICALLY EXCLUDED _______ EA/FONSI _____ EIS _____ OTHER APPROVED PLANS X

PERFORMANCE BOND: Required __________ Not Required X Amount

LIABILITY INSURANCE: Required __________ Not Required X Amount

ISSUANCE of this permit is subject to the conditions on the reverse hereof and appended pages and when appropriate to the payment to the U.S. Dept. of the Interior, National Park Service for its direct and indirect costs associated with managing the event.

The undersigned hereby accepts this permit subject to the terms, covenants, obligations, and reservations, expressed or implied herein.

PERMITTEE [signature] 12-14-07
Signature
Date

Authorizing Official

_______________________________ Signature
Date

Additional Authorizing Official

_______________________________
(if Required) Signature
Title Date

December 14, 2007

Mike Pflaum, Chief Ranger
Mt. Rushmore National Memorial
13000 Highway 244
Building 1, Suite 1
Keystone, SD 57751

Via Facsimile at (605) 574-2307 and U.S. Mail

Dear Ranger Pflaum,

Attached please find a signed copy of the permit you recently granted to me for distributing literature at Mt. Rushmore on August 7-8, 2008.

Please note that this permit is being signed **under protest**, as the requirement of a permit for this type of activity is unconstitutional. I sign only to ensure I can exercise my rights on my planned return visit to Mt. Rushmore.

If you have any questions, do not contact me directly. I will communicate with you only through my lawyers.

Sincerely,

Michael Boardley
11532 Quay St. NW
Coon Rapids, MN 55433