# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **MICHAEL BOARDLEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 07-01986 (JR) |
| **UNITED STATES DEPARTMENT OF THE INTERIOR et al.,** | ) |
| **Defendants.** | ) |

### DEFENDANTS' MOTION TO TRANSFER, PURSUANT TO 28 U.S.C. § 1404(a), AND TO STAY FURTHER PROCEEDINGS PENDING DISPOSITION OF MOTION

Defendants respectfully move this Court, pursuant 28 U.S.C. § 1404(a), and Fed. R. Civ. P. 7 and 8, to transfer this case to the United States District Court for the District of South Dakota for the convenience of the parties and witnesses and in the interest of justice.[1]  Plaintiff, Michael Boardley, a resident of Coon Rapids, Minnesota, filed this lawsuit in Washington, D.C., where he has no apparent connection, to litigate a disagreement with the National Park Service staff at the Mount Rushmore National Memorial, located in Keystone, South Dakota, over a permit to distribute leaflets on the park grounds.  Hence, we move to transfer venue to an appropriate jurisdiction.

---

[1] This motion is not premised on Fed. R. Civ. P. 12; thus none of the bases for dismissal under that rule are hereby waived.  Defendants submit that the issue of venue should be resolved at this early stage in this litigation, and before the parties expend considerable resources on the case.  Accordingly, Defendants request that the Court stay the deadline by which Defendants must file an answer or otherwise respond to the complaint, which is due February 6, 2008, by previous order of the Court, and that the Court also stay the time for the parties to file a Joint Report of the Local Rule 16.3 conference.  Prior to deciding to file this transfer motion, Defendants, through undersigned counsel, requested plaintiff's consent to a 30-day extension of time to respond to the complaint (and to prepare declarations required for a motion for summary judgment), but plaintiff, through counsel, opposed the request on the ground that plaintiff wants to take discovery, which undoubtedly will be of officials and records at Mount Rushmore.  Plaintiff also opposes this transfer motion.

Indeed, had plaintiff been given a citation (which he was not) for leafleting at Mount Rushmore without a permit, this case would have been filed in the District of South Dakota, where all events giving rise to the claim occurred, pursuant to 28 U.S.C. § 1391(e).[2] Venue is therefore proper in the District of South Dakota because this case could have been brought there, as required by 28 U.S.C. § 1404(a). Apparently, this case was filed in this jurisdiction for a very simple reason, and that is to avoid the adverse controlling authority of United States v. Kistner, 68 F.3d 218 (8th Cir. 1995), which rejected a facial and as-applied First Amendment challenge to the same regulation at issue in this case, 36 C.F.R. § 2.52, which requires a permit to distribute pamphlets at a national park outside the National Capital Region (where regulation of such activity is governed by separate regulations, 36 C.F.R. §§ 1.2(c) and 7.96(a)). The flagrant forum-shopping in this case is clear from the omission of any mention of the Kistner decision in plaintiff's application for a preliminary injunction. Accordingly, this case should be transferred for the convenience of the witnesses and in the interest of justice, and plaintiff should be required to address controlling authority rather than attempt to do an end run around it.[3] See, .e.g., Schmid Laboratories, Inc. v. Hartford Accident and

---

[2] Plaintiff has been given a permit for his return visit to Mount Rushmore in August 2008, and Defendants submit that there is no justiciable case or controversy here. We filed a suggestion of mootness with the Court.

[3] Plaintiff will no doubt cite United States v. Frandsen, 212 F.3d 1231 (11th Cir. 2000) in its opposition to this motion. The Frandsen decision contended that Kistner was wrongly decided because, "to the extent that the Kistner Court suggested that so long as a prior restraint is a reasonable time, place and manner restriction it need not contain the [Freedman v. Maryland, 380 U.S. 51, 58-59, 85 S.Ct. 734, 739 (1965)] safeguards, that suggestion is inconsistent with [Forsyth County v. Nationalist Movement, 505 U.S. 123, 130, 112 S.Ct. 2395, 2401 (1992)]." 212 F.3d at 1240 n.8. Plaintiff relied on Frandsen as a primary authority in its application for a preliminary injunction, but failed to advise this Court that the Freedman line of cases relied upon by the 11th Circuit to distinguish Kistner was squarely invalidated by the Supreme Court two years later in Thomas v. Chicago Park District, 534 U.S. 316 (2002) ("A content-neutral permit scheme regulating uses (including speech uses) of a public forum need not contain the

Indemnity Co., 654 F.Supp 734 (D.D.C. 1986) (motion to transfer case to the Southern District of New York granted where none of the witnesses or records were located in the District of Columbia, and plaintiff engaged in blatant forum shopping).

  The grounds for this motion are set forth more fully in the attached memorandum of points and authorities in support hereof.  A proposed Order consistent with this motion is attached hereto.

            Respectfully submitted,

             /s/
            JEFFREY A. TAYLOR, D.C. Bar # 498610
            United States Attorney

             /s/
            RUDOLPH CONTRERAS, D.C. Bar # 434122
            Assistant United States Attorney

             /s/
            JOHN G. INTERRANTE
            PA Bar # 61373
            Assistant United States Attorney
            Civil Division, E-4806
            555 4th Street, N.W.
            Washington, D.C. 20530
            (202) 514-7220
            (202) 514-8780 (fax)
            John.Interrante@usdoj.gov

---

procedural safeguards described in Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649.  Freedman is inapposite because, unlike the motion picture censorship scheme in that case, the Park District's ordinance is not subject-matter censorship but content-neutral time, place, and manner regulation of use of a public forum.  None of the grounds for denying the permit has anything to do with the content of the speech.").  Plaintiff did not cite the Thomas case in its application for a preliminary injunction.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BOARDLEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 07-01986 (JR) ) ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR et al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER , PURSUANT TO 28 U.S.C. § 1404(a), AND TO STAY FURTHER PROCEEDINGS PENDING DISPOSITION OF MOTION**

Defendants respectfully submit this memorandum of points and authorities in support of Defendant's motion, pursuant 28 U.S.C. § 1404(a), and Fed. R. Civ. P. 7 and 8, to transfer this case to the United States District Court for the District of South Dakota for the convenience of the parties and witnesses and in the interest of justice. Plaintiff, Michael Boardley, a resident of Coon Rapids, Minnesota, filed this lawsuit in Washington, D.C., where he has no apparent connection, to litigate a disagreement with the National Park Service staff at the Mount Rushmore National Memorial ("Mount Rushmore"), located in Keystone, South Dakota, over a permit to distribute leaflets on the park grounds. The case should be transferred to the District of South Dakota because none of the witnesses or records relevant to the underlying dispute are located in the District of Columbia, and plaintiff engaged in blatant forum shopping by filing this case in this jurisdiction to avoid the obvious adverse controlling precedent of United States v. Kistner, 68 F.3d 218 (8th Cir.

1995), which tellingly plaintiff ignored in his application for a preliminary injunction.[1]

### **Background**

Plaintiff, Michael Boardley, a resident of Coon Rapids, Minnesota, with no known connection to this jurisdiction, went to Mount Rushmore on August 9, 2007, "to hand out free gospel tracts" (Compl., ¶¶ 6, 17). Plaintiff returned to Mount Rushmore the next day for the same purpose, but was stopped by a park ranger who advised him that he needed a permit to distribute pamphlets, pursuant to 36 C.F.R. § 2.52 (id. at ¶ 26). Plaintiff was unable to get a permit that day, and returned to Minnesota (see id. at ¶¶ 30-31). Plaintiff later advised Mount Rushmore that he intended to return to the park on August 7, 2008 and August 8, 2008, and wanted to distribute gospel tracts and preach at that time. Chief Park Ranger Mike Pflaum, Mount Rushmore, has, in turn, issued a permit for plaintiff to engage in the requested First Amendment activity on the requested dates (See Supplemental Pflaum Declaration (Document 18), ¶¶ 4, 8).[2]

---

[1] Defendants submit that the issue of venue should be resolved at this early stage in this litigation, and before the parties expend considerable resources on the case. Accordingly, Defendants request that the Court stay the deadline by which Defendants must file an answer or otherwise respond to the complaint, which is due February 6, 2008, by previous order of the Court, and that the Court also stay the time for the parties to file a Joint Report of the Local Rule 16.3 conference. Prior to deciding to file this transfer motion, Defendants, through undersigned counsel, requested plaintiff's consent to a 30-day extension of time to respond to the complaint (and to prepare declarations required for a motion to dismiss or, in the alternative, for summary judgment), but plaintiff, through counsel, opposed the request on the ground that plaintiff wants to take discovery, which undoubtedly will be of officials at Mount Rushmore.

[2] The supplemental declaration was filed in support of Defendants' Opposition to Plaintiff's Application for a Preliminary Injunction (Document 16). The application has been fully briefed and is pending before the Court. Defendants' motion for leave to file the supplemental declaration was also captioned as a suggestion of mootness. Defendants contend that because plaintiff has been given a permit for his return visit to Mount Rushmore in August 2008, there is no justiciable case or controversy here based on any alleged delay in granting the permit.

Thus, all events alleged by plaintiff in the Complaint's Statement of Facts (Compl., ¶¶ 17-56) related to disputes over the issuance of a permit for distributing pamphlets at Mount Rushmore and took place in South Dakota. No event giving rise to the claim is alleged to have taken place in the District of Columbia.

## National Park Service Regulations

The National Capital Region of the National Park Service comprises eight Washington, D.C. area parks that are subject to special demonstration and sales regulations found at 36 C.F.R. §§ 1.2(c) and 7.96(a). Typically, First Amendment lawsuits brought in this jurisdiction involve disputes arising under the National Capital Region regulations because a number of the national parks subject to those regulations are located in this jurisdiction. The remainder of the national parks in the United States are governed by the general demonstration and printed matter regulations found at 36 C.F.R. §§ 1.2(a), 2.51, 2.52. This lawsuit challenges the latter regulations as applied at Mount Rushmore. We are aware of no cases interpreting the non-National Capital Region regulations in this jurisdiction. On the contrary, disputes relating to these regulations have been litigated in the districts where the national parks are located.

The regulation at issue in this case was challenged in United States v. Kistner, 68 F.3d 218 (8th Cir. 1995). The Eighth Circuit rejected a facial and as-applied First Amendment challenge to the regulation and held that the National Park Service "policy statement and regulation are content neutral," and "that the regulation and policy statement on the sale or distribution of printed matter satisfy the requirements for a reasonable time, place, or manner restriction under the First Amendment." 68 F.3d at 221-222.

**Discussion**

The Court should transfer this case to the District of South Dakota, pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it may have been brought.

Although "[c]ourts ordinarily accord significant deference to a plaintiff's choice of forum . . . . many cases in this Circuit recognize that plaintiffs that neither reside nor have a substantial connection to their chosen forum, are entitled to less deference." Sierra Club v. Van Antwerp, 523 F.Supp.2d 5, 11 (2007) (citations omitted). When a genuine choice of venue exists, the court has broad discretion to adjudicate a motion to transfer "according to [an] individualized, case-by-case consideration of convenience and fairness." Id. (citations omitted).

As a preliminary matter, venue in this case is appropriate in the District of South Dakota for purposes of 28 U.S.C. § 1404(a). The general venue statute, 28 U.S.C. § 1391, provides in pertinent part:

> (e) A civil action in which a defendant is an officer or employee of the United States . . . . may, except as otherwise provided by law, be brought in any judicial district in which . . . . (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

Clearly, this case could have been brought in the District of South Dakota under 28 U.S.C. § 1391(e) because all disputed events or omissions giving rise to plaintiff's alleged claim took place at Mount Rushmore in Keystone, South Dakota. Plaintiff's sole basis for alleging venue in the District of Columbia is "because a Defendant resides within the District of Columbia" (Compl., ¶ 5). Presumably, plaintiff is referring to the Secretary of the Interior or Director of the National Park

Service, who are named in their official and individual capacities, although the basis for monetary, as opposed to declaratory and injunctive, relief sought is not clear from the complaint. See e.g., Compl., ¶ 71 ("Because Mr. Boardley has been, and is being, prevented from exercising his First Amendment rights at Mt. Rushmore, he is suffering irreparable injury from the challenged policies of Defendants which cannot be fully compensated.") Furthermore, the officials directly responsible for the administration of Mount Rushmore, including its superintendent and chief ranger, who are also named as defendants in their official and individual capacities, are located in South Dakota. This Court lacks personal jurisdiction over the Mt. Rushmore officials to the extent they are sued individually. In addition, plaintiff, a resident of Minnesota, has no connection with this forum, and therefore is entitled to no deference by the Court to his choice of forum.

The Court should exercise its broad discretion and transfer this case to the District of South Dakota because there is no factual nexus with the District of Columbia and plaintiff clearly filed this case in this jurisdiction to avoid the adverse precedent of United States v. Kistner, 68 F.3d 218 (8th Cir. 1995), which would be controlling precedent in a suit brought in the District of South Dakota.[3]

---

[3] Plaintiff will no doubt cite United States v. Frandsen, 212 F.3d 1231 (11th Cir. 2000) in its opposition to this motion. The Frandsen decision contended that Kistner was wrongly decided because, "to the extent that the Kistner Court suggested that so long as a prior restraint is a reasonable time, place and manner restriction it need not contain the [Freedman v. Maryland, 380 U.S. 51, 58-59, 85 S.Ct. 734, 739 (1965)] safeguards, that suggestion is inconsistent with [Forsyth County v. Nationalist Movement, 505 U.S. 123, 130, 112 S.Ct. 2395, 2401 (1992)]." 212 F.3d at 1240 n.8. Plaintiff relied on Frandsen as a primary authority in its application for a preliminary injunction, but failed to advise this Court that the Freedman line of cases relied upon by the 11th Circuit to distinguish Kistner was squarely invalidated by the Supreme Court two years later in Thomas v. Chicago Park District, 534 U.S. 316 (2002) ("A content-neutral permit scheme regulating uses (including speech uses) of a public forum need not contain the procedural safeguards described in Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649. Freedman is inapposite because, unlike the motion picture censorship scheme in that case, the Park District's ordinance is not subject-matter censorship but content-neutral time, place, and manner regulation of use of a public forum. None of the grounds for denying the

Hence, plaintiff brought this suit in this jurisdiction to avoid the adverse, controlling precedent in the Eighth Circuit. This Court should not reward this blatant act of forum shopping, and should transfer this case to the District of South Dakota, where plaintiff will be required to distinguish the controlling precedent. See, .e.g., Schmid Laboratories, Inc. v. Hartford Accident and Indemnity Co., 654 F.Supp 734 (D.D.C. 1986) (motion to transfer case to the Southern District of New York granted where none of the witnesses or records were located in the District of Columbia, and plaintiff engaged in blatant forum shopping). Judge Harold Greene explained in the Schmid case the inappropriateness of the type of forum shopping engaged in by plaintiff in this case as follows:

> This Court cannot find that it is in the interest of justice to encourage, or even to allow, a plaintiff to select one district exclusively or primarily to obtain or to avoid specific precedents, particularly in circumstances such as these where the relevant law is unsettled and the choice of the forum may well dictate the outcome of the case.

654 F. Supp. at 737 (citations omitted) (emphasis added). In this case, plaintiff's forum shopping weighs heavily in favor of transfer of the case to a more appropriate forum, and is reason enough to transfer this case.

In any event, the Court may consider a number of factors in deciding a motion to transfer. In Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C.1996), environmental groups and environmental activists brought an action challenging the Forest Service's decision to issue an easement for operation of a dam and a reservoir on public land in a national forest in Colorado without also requiring bypass flows allegedly required for a creek to support natural fishery. Judge Urbina granted defendants' motion to transfer the case to the District of Colorado. The court

---

permit has anything to do with the content of the speech."). Plaintiff did not cite the Thomas case in its application for a preliminary injunction.

described the various factors he considered as follows:

> The court's inquiry proceeds to the issue of whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interests of justice. In ruling on Section 1404(a) motions, courts have not, however, limited their consideration to these three enumerated factors. Courts have considered various other factors, including the private interests of the parties and the public interests of the court, which are protected by the language of Section 1404(a). The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.
>
> The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. These factors, which the court will address in turn, unequivocally support a transfer to the United States District Court for the District of Colorado. (citations and footnotes omitted).

Accordingly, in addition to the blatant forum shopping, this case should be transferred to the District of South Dakota for a number of other reasons. As to the private interests of the parties, plaintiff has no connection to this forum; the claim, relevant witnesses and records are located in South Dakota; and if testimony or depositions become necessary, the witnesses and records are readily accessible there. Indeed, if Mount Rushmore had given plaintiff a citation instead of a permit, this case would clearly have been brought in South Dakota. The public interest considerations also tilt heavily in favor of transfer to South Dakota. The regulations applicable to Mount Rushmore, and all other national parks outside the National Capital Region, are inapplicable to parks in this jurisdiction. Thus, the dispute in this case is akin to a local dispute that should be decided in the jurisdiction where the challenged policy is in effect. There is no reason for this Court to become involved in regulations unrelated to the National Capital Region.

WHEREFORE, the Court should grant Defendants' motion and transfer this case to the District of South Dakota.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL BOARDLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-01986 (JR) |
| v. | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF THE INTERIOR et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

Upon Consideration of Defendants' Motion to Transfer, Pursuant to 28 U.S.C. § 1404(a), and to Stay Further Proceedings Pending Disposition of Motion, and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that this case is transferred to the United States District Court for the District of South Dakota, and the Clerk shall take such actions as are necessary to transfer the entire docket of this case to that jurisdiction.

It is further **ORDERED** that further proceedings in this matter are stayed until further order of the District of South Dakota upon transfer of this case.

It is **SO ORDERED** this _____ day of February, 2008.


JAMES ROBERTSON
United States District Judge