UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL BOARDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-01986 (JR) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR et al., | ) |
| | ) |
| Defendants. | ) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the Rules of this Court, counsel for the parties in the above-styled matter have conferred and submit this joint report. A proposed Scheduling Order incorporating the parties' suggestions is attached.

### I.  PRELIMINARY STATEMENT

**A.  Plaintiff's Statement of the Case**

Plaintiff, Michael Boardley, a resident of Coon Rapids, Minnesota, filed this civil rights actions on November 2, 2007 in order to challenge 36 C.F.R. §§ 2.51, 2.52, federal regulations which require a permit for even a single person to engage in any "public expression of views" or distribution of printed matter on National Park grounds. Plaintiff also challenges the application of these regulations to him by park officials at the Mount Rushmore National Memorial ("Mount Rushmore").

Plaintiff visited Mount Rushmore on Thursday, August 9, 2007, and distributed free gospel tracts without incident in the "Avenue of the Flags" area of the Memorial. On August 10, 2007, while engaging in the same activity, Plaintiff was stopped by a park ranger who told him he could

not distribute printed matter without a permit. The ranger advised plaintiff it takes two days to process a permit. Plaintiff therefore left the park grounds and returned home to Minnesota. He inquired on multiple occasions during August and October 2007 with the ranger's office at Mount Rushmore about obtaining a permit for a future visit. Mr. Boardley received no response until after this lawsuit was filed, when Defendant Pflaum granted him a permit for August 7 and 8, 2008. Mr. Boardley accepted this permit under protest because he believes it is unconstitutional to require a permit at all, which is the heart of this case.

Plaintiff submits that this case is not moot because the challenged regulations are presently in effect and continue to curtail his rights. While plaintiff was granted a permit for his desired date after the case was filed, Plaintiff's contention is that requiring a permit for protected, small scale expressive activities in a traditional public forum is unconstitutional. Plaintiff seeks declaratory and injunctive relief against the Defendants, the United States Department of Interior, the National Park Service, and agency officials in their official and individual capacities. Plaintiff also seeks nominal and compensatory damages. Plaintiff's position is that the case should be decided by motions for summary judgment following discovery.

**B.     Defendants' Statement**

Plaintiff filed this lawsuit to litigate a dispute with National Park Service officials at Mount Rushmore, located in Keystone, South Dakota, over the federal regulations requiring a permit to distribute leaflets on the park grounds. The governing general demonstration and printed matter regulations are found at 36 C.F.R. §§ 1.2(a), 2.51, 2.52. The regulations provide that the superintendent of a particular park "shall, without unreasonable delay, issue a permit on proper application," or specify the reasons why a permit is denied. 36 CFR §§ 2.51(c), 2.52(c). The NPS

Management Policies § 8.6.3 (2006), provides that a First Amendment permit request will be issued or denied "within two business days after receipt of a proper application."

Plaintiff did not request a permit prior to traveling to Mount Rushmore and was stopped by a Park Ranger at the Memorial the following day – Friday, August 10, 2007 – and was told that he could not distribute printed matter without a permit. The Park Service employee advised plaintiff that he should allow two days for processing of a permit. Plaintiff voluntarily left the park grounds and returned home to Minnesota, where he began making inquiries about getting a permit for a planned return to Mount Rushmore on Thursday, August 7, 2008, and Friday, August 8, 2008. Chief Park Ranger Pflaum has since approved a permit for plaintiff to return to the park on the requested dates in August 2008.

Defendants will file a motion to dismiss on or before April 9, 2008. Defendants' position is that the case should be dismissed as moot (as well as for lack of standing) because Mount Rushmore has approved and issued the requested permit, and agreed to consider any future permit requests. Accordingly, plaintiff has no concrete practical stake in any question that affects his rights. Dismissal of the case is therefore consistent with the Court's order denying the motion for a preliminary injunction. In addition, because plaintiff has sued the agency officials individually for actions taken at Mount Rushmore, defendants will also move to dismiss the Bivens claims. Defendants will request that the Court stay discovery until those claims are resolved. In Bivens litigation in particular, it is a commonplace to stay discovery until the qualified immunity claims have been resolved. E.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987).

C. **Procedural History**

Plaintiff filed a motion for a preliminary injunction along with the complaint. Defendants filed a motion to transfer the case to the District of South Dakota. By Order dated March 4, 2008, the Court denied the motion for a preliminary injunction as moot and also denied defendants' motion to transfer the case. The Court ordered that a status conference be set in the case. The status hearing is set for April 2, 2008.

## II. MATTERS DISCUSSED BY THE PARTIES

The parties conducted a telephonic meet-and-confer conference on Thursday, March 20, 2008, and discussed the matters referenced in Local Rule 16.3. The parties submit the following report:

A. **Status of Dispositive Motions:** There are no pending dispositive motions at this time. Plaintiff believes this case will be resolved by summary judgment after the close of discovery. Defendant intends to file a motion to dismiss by April 9, 2008, on the ground that the lawsuit is moot and, in any event, because plaintiff's Bivens claims should be dismissed. Defendants will also request that the Court stay discovery until the motion is decided.

B. **Amended Pleadings**: Plaintiff requests that the deadline for amending the pleadings or joining additional parties be set to coincide with the end of discovery. Defendants do not believe the deadline for joining additional parties should be so extended. The parties agree that the end of discovery will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

    **C.**    <u>**Assignment To Magistrate Judge**</u>: The parties do not consent to assignment of this case to a Magistrate Judge.

    **D.**    <u>**Settlement Possibility**</u>: The parties do not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on dispositive motions.

    **E.**    <u>**Alternative Dispute Procedures**</u>: The parties do not believe that ADR is likely to be productive at this time.

    **F.**  <u>**Dispositive Motions**</u>: Plaintiff believes this case will be resolved by summary judgment after the close of discovery, as indicated in Paragraph A above. Defendant intends to file a motion to dismiss by April 9, 2008, on the ground that the lawsuit is moot and, in any event, because plaintiff's <u>Bivens</u> claims should be dismissed. Defendants will also request that the Court stay discovery until the motion is decided. The parties jointly propose that any summary judgment motions be due within 45 calendar days after the close of discovery, oppositions due within 30 calendar days thereafter, and replies due within 21 calendar days thereafter.

    **G.**    <u>**Initial Disclosures**</u>: Plaintiff requests that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 14 days after the issuance of the Court's initial scheduling order. Defendants request that initial disclosures should be filed within 30 days after the Court rules on the motion to dismiss.

    **H.**    <u>**Discovery**</u>: The parties jointly request 180 calendar days to conduct and complete discovery in this case. Plaintiff requests that discovery commence upon the issuance of the Court's scheduling order. Defendants request that discovery should be stayed until after the Court rules on its motion to dismiss, to be filed by April 9, 2008. The parties anticipate standard discovery, <u>i.e.</u>,

Interrogatories (limited to 25), Requests for Production of Documents (limited to 25), Requests for Admissions (limited to 25), and depositions (limited to 10), but may agree to later expand these limits, if deemed necessary, and will file an appropriate motion with the Court to amend the scheduling order. The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, except as otherwise provided in this paragraph.

    **I.** **Experts**: The parties propose that the plaintiff's expert(s), if any, be designated no later than 60 days after the commencement of discovery, and that defendants' experts, if any, be designated no later than 30 days thereafter. The parties further propose that plaintiff's expert disclosures shall be served at least 60 days prior to close of discovery. The parties propose that defendants' expert disclosures shall be served within 30 days after service of plaintiff's expert disclosures. The parties agree that the expert disclosures shall, in accordance with Fed. R. Civ. P. 26(a)(2), include a written expert witness report.

    **J.** **Class Action Procedures**: Not applicable.

    **K.** **Bifurcation of Discovery or Trial**: The parties do not see any need for bifurcation in this case.

    **L.** **Proposed Date for the Pretrial Conference**: The parties propose that the pretrial date be set within 60 days after the Court rules on dispositive motions.

    **M.** **Trial Date**: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

    **N.** **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic mail of pleadings, notices, motions, and other papers required to be served under Rule 5(a). The parties further agree that such electronic service shall be made to each counsel of record

via the electronic mail addresses indicated on the docket, unless another agreement is made in advance by the parties. The parties further agree that a paper copy of any such pleadings and other papers shall also be served by either mail or fax to all counsel, as may be agreed by the parties.

**O. Preserving Discoverable Information**: The parties agree that they shall take all reasonable measures to preserve discoverable information.

**P. Disclosure or Discovery of Electronically Stored Information**: The parties agree that they shall disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient.

Respectfully submitted,

| | |
|---|---|
| /s/Heather Gebelin Hacker | /s/Jeffrey A. Taylor |
| Heather Gebelin Hacker | JEFFREY A. TAYLOR, D.C. Bar # 498610 |
| California Bar No. 249273 | United States Attorney |
| ALLIANCE DEFENSE FUND | |
| 101 Parkshore Drive, Suite 100 | |
| Folsom, California 95630 | /s/Rudolph Contreras |
| Tel: (916) 932-2850 | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| Fax: (916) 932-2851 | Assistant United States Attorney |
| hghacker@telladf.org | |
| | |
| Counsel for Plaintiff Michael Boardley | /s/John G. Interrante |
| | JOHN G. INTERRANTE, PA Bar # 61373 |
| | Assistant United States Attorney |
| | Civil Division, Room E-4806 |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | (202) 514-7220 |
| | (202) 514-8780 (facsimile) |
| | John.Interrante@usdoj.gov |
| | |
| | Counsel for Defendants |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL BOARDLEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 07-01986 (JR) |
| **UNITED STATES DEPARTMENT OF THE INTERIOR et al.,** | ) |
| **Defendants.** | ) |

**INITIAL SCHEDULING ORDER**

Upon Consideration of the Joint Report of Local Rule 16.3 Conference, and the entire record herein, it is hereby

ORDERED that discovery shall commence upon [issuance of this order or after the Court rules on Defendants' motion to dismiss, if the case is not dismissed] and be concluded in 180 days or by _____;

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within [14 days after the issuance of this order or within 30 days of the Court's ruling on Defendants' motion to dismiss, if the case is not dismissed];

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, and each party is expressly limited to 25 interrogatories, 25 requests for production of documents, 25 requests for admission, and 10 depositions;

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except that plaintiff's experts shall be designated no later than 60 calendar days after the commencement of discovery; defendant's experts shall be designated no later than 30

calendar days thereafter; plaintiff's expert reports shall be due 60 calendar days prior to close of discovery; and defendant's expert reports shall be due 30 calendar days after service of plaintiff's expert disclosures; and it is further

    ORDERED that any summary judgment motions be due within 45 calendar days after the close of discovery, oppositions due within 30 calendar days thereafter, and replies due within 21 calendar days thereafter.

    It is SO ORDERED this _____ day of _____, 2008.

JAMES ROBERTSON
United States District Judge

cc:    ECF counsel of record